**E. C. Atkins & Company, Appellee, v. James G. Kirk, trading as J. G. Kirk & Company, Appellant.**

**Gen. No. 19,272.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed June 15, 1914. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by E. C. Atkins & Company, a corporation, against James G. Kirk, trading as J. G. Kirk & Company to recover an amount paid by the plaintiff as rent, for which plaintiff was primarily liable, but which it was alleged the defendant agreed to pay. The defense was, in substance, that while defendant had an offer to assume payment of the rent, such offer was withdrawn before any notice of its acceptance was communicated to the defendant. Upon a trial by the court without a jury, plaintiff had judgment. To reverse the judgment, defendant appeals.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

W. A. Morrow, for appellant.

Mason Brothers, for appellee; Olaf A. Olson, of counsel.

Mr. Presiding Justice Fitch delivered the opinion of the court.

### Abstract of the Decision.

1. Contracts, § 39*—*when formal acceptance of offer necessary.* Where it is apparent that the offer as made contemplates a formal written acceptance as a condition precedent, such formal acceptance is required.

2. Contracts, § 39*—*when acceptance of offer implied.* Where an offer does not require a formal asent to its terms, an acceptance may be implied or inferred from the conduct of the offeree. In such case proof that the act required to be done has been performed, or that its performance has been commenced in the manner prescribed by the terms of the offer, is ordinarily sufficient evidence of the acceptance of the offer.

3. Contract, § 39*—*when offer to assume lease of vacated premises accepted.* Where a renting company in consideration that a corporation would lease certain premises offered to assume its liability on a lease under which it was occupying other premises, *held* that the offer did not require a formal written acceptance, and that the corporation, by executing the lease submitted by the renting company and by giving notice by letter that it had done so, complied with the conditions of the offer according to its terms, so that an attempted revocation of the offer by a letter dated subsequent to such acceptance would have no effect.

4. Contracts, § 39*—*what constitutes a formal written acceptance.* Where a company made an offer to assume a lease on vacated premises in consideration that the offeree would lease other premises, the offer containing the words "we hereby accept the above proposition" and a line for a signature was typewritten, *held* that though such words would indicate that a formal written acceptance was necessary, that the closing of the lease, and a letter to the offeror that the lease had been signed were equivalent to a formal written acceptance.

5. Contracts, § 1008*—*when failure to perform condition in time stipulated does not relieve from liability.* A person contracting to assume a lease on vacated premises, with a condition that the other party should "clean walls and ceiling and put plumbing in

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

condition if necessary" when it vacated the premises, *held* not exempted from liability if such work was not done exactly at the time stated in the agreement.

6. EVIDENCE, § 185*—*when conversations with agent since deceased inadmissible.* In an action on a contract, conversations between defendant and plaintiff's agent who has since died, *held* inadmissible.